**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN WAYNE DILLARD                                                                                        PLAINTIFF
ADC #147484

V.                                            NO: 5:12CV00270 SWW/HDY

CURTIS MEINZER *et al.*                                                                                DEFENDANTS

## ORDER

### I. Procedural history

Plaintiff John Wayne Dillard is a prisoner in the Varner Super Max Unit ("VSM") of the Arkansas Department of Correction ("ADC"). In late June of 2012, he and eight other prisoners jointly filed a *pro se*[1] § 1983 complaint and an amended complaint challenging the constitutionality of the VSM incentive level program and alleging that Defendants violated their constitutional rights in other ways. *See Reid v. Meizner*; 5:12CV00230 KGB/BD (docket entries #1 and #10).

On July 18, 2012, the Court granted several of the Plaintiffs, including Dillard, permission to proceed *in forma pauperis,* and directed the ADC to collect monthly payments from each of their inmate trust accounts. *See Reid* (docket entry #30). On the same day, the Court determined that the Plaintiffs' claims were legally and factually different. *See Reid* (docket entry #33). Thus, the Court severed each of Plaintiffs' claims into separate lawsuits, including this current lawsuit in which

---

[1] Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Dillard is the only Plaintiff. When the Clerk did so, copies of the jointly filed complaint, amended complaint, and July 18, 2012, order granting *in forma pauperis* status were filed in each separately severed lawsuit, including this one.

## II. *In forma pauperis* application

The July 18, 2012, order granting Plaintiffs permission to proceed *in forma pauperis* stated that funds should be taken from each separate Plaintiff's inmate trust account and sent to the Clerk for payment of the $350 filing fee in *Reid v. Meizner*, 5:12CV00230 KGB/BD. Now that the cases have been severed, each Plaintiff is responsible for paying the $350 filing fee for their individual lawsuits.

Thus, the Court will clarify, to ADC officials, that the monthly withdrawals from Plaintiff Dillard's inmate trust account should be sent to the Clerk for payment of this case, *Dillard v. Meinzner*; 5:12CV00270 SWW/HDY, and not *Reid v. Meizner*, 5:12CV00230 KGB/BD.

## III. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

The Court did not screen the jointly filed complaint and amended complaint prior to severing the *Reid* case into separate lawsuits. It is difficult to determine, from the jointly filed complaint and amended complaint, how Plaintiff's individual constitutional rights were violated by each of the Defendants. Accordingly, for the sake of clarity, the Court will strike the jointly filed complaint and amended complaint from the record in this case, and give Plaintiff Dillard thirty days to file a "substituted complaint" which includes a short statement as to: (1) how and when his individual constitutional rights were violated; and (2) how Defendants Meinzer, Banks, and Hobbs, personally participated in each of the alleged constitutional violations.[2]

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The July 18, 2012, order (docket entry #7) is MODIFIED to clarify that the monthly payments from Plaintiff John Wayne Dillard's inmate trust account should be sent to the Clerk for the payment of *Dillard v. Meinzer*; 5:12CV00270 SWW/HDY and not *Reid v. Meinzer*; 5:12CV00230 KGB/BD.

---

[2] Plaintiff does not have standing to raise constitutional claims suffered by other prisoners. Thus, his substituted complaint must include only the constitutional violations that he personally suffered.

2. The Clerk is directed to send a copy of this order and the July 18, 2012, order (docket entry #7) to: (a) the Warden of the Varner Super Max Unit, P.O. Box 400, Grady, AR 71644-0400; (b) the ADC Trust Fund Centralization Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and (c) the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612-0550.

3. The complaint and amended complaint (docket entries #2 and #4) are STRICKEN FROM THE RECORD.

4. Plaintiff Dillard must, no later than 30 days after the entry of this order, file a substituted complaint containing the information specified in Section III of this order. Plaintiff Dillard's failure to do so will result in the recommended dismissal of his complaint.

DATED this   25   day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE